IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOAN TERESE CLAUSEN, as Trustee of THE BRETT M. PARTRIDGE TRUST,<br><br>                    Plaintiff,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 2:22-cv-00757-TC-DAO<br><br>**ORDER AND MEMORANDUM DECISION GRANTING MOTION FOR INTERPLEADER DEPOSIT AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| PROTECTIVE LIFE INSURANCE COMPANY,<br><br>                    Interpleader Plaintiff,<br><br>v.<br><br>JOAN TERESE CLAUSEN, as Trustee of THE BRETT M. PARTRIDGE TRUST, and KIMM E. PARTRIDGE, individually and as Trustee of THE BRETT AND KIMM PARTRIDGE REVOCABLE TRUST,<br><br>                    Interpleader Defendants. | District Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Having removed this case to federal court, Defendant/Interpleader Plaintiff Protective

Life Insurance Company ("Protective") now seeks 1) leave to deposit with the court its admitted

liability under Rule 22 of the Federal Rules of Civil Procedure, and 2) an order dismissing

Protective from the suit (ECF No. 26).  Protective's motion was stipulated to and filed jointly by

Joan Terese Clausen, who is the Plaintiff and one (but not all) of the Interpleader Defendants

1

(see ECF No. 26).  Despite this stipulation, the court ordered additional briefing from all parties (including the other claimants to the insurance policy proceeds: 1) Kimm E. Partridge as an individual; and 2) Ms. Partridge as trustee of the Brett and Kimm Partridge Revocable Trust) to satisfy itself that it has jurisdiction (ECF No. 28).  The court noted that Protective's dismissal will leave the court to adjudicate a dispute between Utah citizens concerning a matter of Utah state law, all while two Utah state cases addressing similar issues are pending.  See In the Matter of Trust of Brett Partridge, No. 223901052 (3rd Jud. Ct. Utah filed Apr. 27, 2022), ECF No. 12-3; In the Matter of Estate of Brett M. Partridge, No. 223900327 (3rd Jud. Ct. Utah filed Feb. 8, 2022).  The court held a hearing on this matter on April 4, 2023.

Although the court remains concerned that the similar state and federal court proceedings could result in conflicting judgments, it nevertheless finds that it has jurisdiction over the action and that neither abstention nor a stay are appropriate.  The court therefore grants Protective's motion.  Furthermore, the court denies Ms. Clausen's Motion for Partial Summary Judgment (ECF No. 12).

## BACKGROUND[1]

In 2020, just after the onset of the COVID-19 pandemic, Brett Partridge and his wife, Kimm, were both diagnosed with cancer.  Mr. Partridge, who had been living with bipolar disorder for decades, allegedly declined mentally under the stress of this news.  Within months,

---

[1] The court provides this factual summary to illustrate the potential issues involved in the similar state and federal proceedings. The parties have not stipulated to these facts and the court makes no assertions as to their truth. The court derives its summary from the allegations made by Brett Partridge's children in a petition to the state court, see Verified Petition to Confirm Trust, ECF No. 12-3, and from Protective's Counterclaim and Third-Party Claim in Interpleader, ECF No 6.

Ms. Partridge filed for divorce and Mr. Partridge began dating Ms. Clausen.  Mr. Partridge and Ms. Clausen became engaged in September 2020.

During this time, Mr. Partridge made several changes to the beneficiaries of his life insurance policy, which he held with Protective.  For over a decade starting around July 21, 2008, the primary beneficiary of the policy was the Brett and Kimm Partridge Revocable Trust, with Kimm Partridge as trustee (the "2008 Trust").  Protective received a change of beneficiary form around December 31, 2020, which instead designated Kimm Partridge—as an individual—as the policy beneficiary.[2]  A year later, around November 19, 2021, a beneficiary change was made on Mr. Partridge's online account, changing the primary beneficiary to the Brett M. Partridge Trust (with Ms. Clausen as trustee) (the "2020 Trust").  Mr. Partridge had established the 2020 Trust a year earlier, on about October 23, 2020, at the same time he drew up a new will.

Tragically, Mr. Partridge committed suicide on December 17, 2021.  After his death, Mr. Partridge's children filed two suits in state court: one challenging the validity of the new will (Case No. 223900327); the other challenging the validity of the 2020 Trust (Case No. 223901052).  Ms. Clausen also filed the instant action in state court demanding that Protective pay the life insurance proceeds to the 2020 Trust.  Protective removed this action to federal court, asserted a counterclaim and third-party claims interpleading Ms. Clausen (as trustee of the 2020 Trust) and Ms. Partridge (as an individual and as trustee of the 2008 Trust), and now seeks to deposit with the federal court its admitted liability of $500,000 under the

---

[2] The main consequence of this change appears to be that Mr. Partridge's children, who were beneficiaries of the 2008 Trust, no longer stood to receive any proceeds from the policy.

insurance policy.  Protective then moves for dismissal from the case, leaving the court to adjudicate which of the remaining parties is the rightful beneficiary of these funds.

## ANALYSIS

### I. Jurisdiction

An interpleader suit is a procedure originating in equity that allows a stakeholder to interplead into an action any parties with claims that might otherwise expose the stakeholder to multiple liability.  See Zechariah Chafee, Jr., Modernizing Interpleader, 30 Yale L.J. 814 (1921) ("The fundamental purpose of interpleader is simple and just.  The applicant has incurred one obligation, but is subjected to two or more claims.  If one claim is right, the rest must be wrong. An efficient and fair-minded system of justice ought not to subject a citizen to double vexation ….").  Federal courts have jurisdiction to hear two forms of interpleader actions: statutory interpleader and rule interpleader.  Subject-matter jurisdiction in a statutory interpleader case is granted by 28 U.S.C. § 1335, which states:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, … having in his or its custody or possession money or property of the value of $500 or more, … if 1) Two or more adverse claimants, of diverse citizenship as defined in … section 1332 of this title, are claiming or may claim to be entitled to such money or property ….

28 U.S.C. § 1335(a) (emphasis added).

A stakeholder may also bring an interpleader action under Rule 22 of the Federal Rules of Civil Procedure, which states: "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."  The typical interpleader action has "two distinct stages, with the court determining in the first stage whether the interpleader complaint was properly brought and whether to discharge the stakeholder from

further liability to the claimants."  Wash. Nat'l Ins. Co. v. Bennington, No. 15-cv-100-MLC,

2016 WL 8453416, at *1 (D. Wyo. Jan. 6, 2016) (citations omitted).  The second stage involves

"the court's determination as to the respective rights of the claimants to the fund."  Id.

Jurisdiction under rule interpleader is based on the general jurisdiction statutes applicable to civil

actions in the federal courts—that is, federal courts gain jurisdiction over an action either due to

the existence of a federal question, see 28 U.S.C. § 1331, or because the suit involves a "matter

in controversy" between "citizens of different states" where the amount in controversy exceeds

the value of $75,000, see 28 U.S.C. § 1332.

Where jurisdiction is based on diverse citizenship, the question arises: does 28 U.S.C.

§ 1332 require diversity only in the first stage of the interpleader action between the disinterested

stakeholder and claimants, or must there also be at least minimal diversity in the second stage

between the adverse claimants, as required by the interpleader statute?  The Supreme Court has

previously upheld jurisdiction in the context of a statutory interpleader action where complete

diversity was lacking between the stakeholder and claimants, but where the adverse claimants

were diverse, by emphasizing that "there is a real controversy at issue between the adverse

claimants."  Treinies v. Sunshine Mining Co., 308 U.S. 66, 72 (1939); see also id. at 73 (citing

with approval an Eighth Circuit case holding that "the claimants were the real contestants" in an

interpleader action).  Extending this reasoning to Rule 22 actions would suggest that the real

controversy in an interpleader case with a disinterested stakeholder lies only between the

claimants and, therefore, that jurisdiction under 28 U.S.C. § 1332 requires the existence of

complete diversity[3] between adverse claimants.  See Kristen DeWilde, Comment, Catch Rule 22: When Interpleader Actions Violate Statutory and Constitutional Diversity Jurisdiction Requirements, 168 U. Pa. L. Rev. 467 (2020) (arguing that Rule 22 interpleader actions with non-diverse claimants do not fall within the scope of Article III of the Constitution because there is no controversy between diverse citizens).  Practical considerations may also favor dismissal in these circumstances—especially where the remaining non-diverse parties have already begun litigating similar matters in state court proceedings.

The Tenth Circuit has addressed this issue, but the relevant cases are not squarely on point with the facts in this case.  The Tenth Circuit has held that "[j]urisdiction is determined from the facts at the time of filing …."  Wells Fargo Bank, N.A. v. Mesh Suture, Inc., 31 F.4th 1300, 1308 (10th Cir. 2022).  And it has condoned the exercise of jurisdiction in Rule 22 actions where there is diversity between the stakeholder and the claimants.  Id. at 1306 n.3 ("But subject-matter jurisdiction in a rule-interpleader action is premised on the general federal-question and diversity statutes.  In a diversity case that means that there must be complete diversity between the stakeholder and the claimants ….") (statutory citations omitted) (citing 7 Charles Alan

---

[3] Complete diversity is a requirement of 28 U.S.C. § 1332.  Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).  It is not a requirement of Article III of the Constitution.  See State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530-31 (1967) (upholding the jurisdictional validity of statutory interpleader, 28 U.S.C. § 1335, which requires only minimal and not complete diversity between adverse claimants).  If this court ruled that Rule 22 actions required complete diversity between claimants, stakeholders could still file statutory federal interpleader actions where there was minimal diversity (after all, the amount-in-controversy requirement is only $500 under the statute, less than that required by 28 U.S.C. § 1332).  Where there was no diversity, as in the present action, a stakeholder would need to resort to an interpleader action in state court.  The court notes that Protective could have filed a similar interpleader action in state court under Rule 22 of the Utah Rules of Civil Procedure.

Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1703, at 587-88

(4th ed. 2019)).  But Wells Fargo Bank concerned a statutory interpleader claim, id. at 1302, and

therefore the references in the opinion to Rule 22 actions are arguably dicta.  The Tenth Circuit

has also upheld jurisdiction under 28 U.S.C. § 1332 in a rule interpleader case where "[t]here

[was] no diversity of citizenship between the adverse claimants" but diversity existed between

the "stakeholder and the claimants[.]"  Brisacher v. Tracy-Collins Tr. Co., 277 F.2d 519, 525

(1960).  But that case did not involve a disinterested stakeholder.  Id. (holding that diversity was

not defeated just because the trust company was more than a "mere stakeholder[]" and had

"anticipated fruits" from the outcome of the litigation).  Brisacher is therefore distinguishable

from a case in which the only diversity stems from a disinterested party.

Nevertheless, the court finds that the weight of judicial authority requires the court to

exercise jurisdiction in Rule 22 actions where the original stakeholder is diverse from the

claimants, regardless of the citizenship of those claimants.  Other district and appellate federal

courts, including this court, have agreed with this theory of jurisdiction for rule interpleader

actions.  See, e.g., Leimbach v. Allen, 976 F.2d 912, 916-17 (4th Cir. 1992) (holding that

dismissal of stakeholders from rule interpleader suit did not destroy diversity even though

remaining claimants were not diverse); Life Ins. Co. of N. Am. v. Wagner, No. 2:15-CV-00505-

DS, 2016 WL 1494711, at *2 n.2 (D. Utah Apr. 14, 2016) (holding same); Guardian Life Ins.

Co. of Am. v. Church of Jesus Christ of Latter-Day Saints, No. 2:16-cv-00064-JNP-ECJ, 2016

WL 4734591, at *2 (D. Utah Sept. 9, 2016) (holding same).[4]

---

[4] See also Protective's Suppl. Br. Regarding Jurisdiction, at 6-7 n.2, ECF No. 29 (listing cases).
But see Trustmark Ins. Co. v. Spruill, No. 17-cv-1808, 2018 WL 2431854, at *1 (E.D. Wis. May
30, 2018) ("For both the [interpleader] statute and the rule, the plaintiff must show diversity

The court therefore finds that it has jurisdiction over this matter because, at the time of removal and interpleader,[5] stakeholder Protective was of diverse citizenship from every claimant to Mr. Partridge's life insurance policy.  Even after it dismisses Protective from the case, the court retains supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.  See Eikel v. States Marine Lines, Inc., 473 F.2d 959, 965 (5th Cir. 1973) ("It is well established that once the court properly has jurisdiction over the main claim, as it did here, it can then adjudicate other claims among the non-diverse parties that are closely related to the main claim and are ancillary to the main suit."); Am. Nat'l Ins. Co. v. Hansen, No. 8:17-cv-341-T-30JSS, 2017 WL 2348856, at *1 (M.D. Fla. May 30, 2017) (holding that even if dismissing the diverse stakeholder divested the court of its diversity jurisdiction, the court "would still have supplemental jurisdiction over the claimants' remaining claims"); see also 7 Wright, Miller & Kane § 1710 ("[F]ederal courts wisely have chosen to proceed to the second stage of interpleader either on the notion that once diversity jurisdiction exists in a rule-interpleader case it is not lost when the stakeholder is discharged or by invoking the theory that there is ancillary jurisdiction over the second stage of the interpleader.").

---

exists between at least two claimants to the fund"); Univalor Tr., SA v. Columbia Petroleum LLC, No. 1:15-00414, 2017 WL 2306491, at *4 (S.D. Ala. May 25, 2017) (importing the statutory interpleader requirement of minimal diversity between adverse claimants to a rule interpleader proceeding).

[5] It does not matter for purposes of this analysis that Protective asserted its interpleader claim as a counterclaim and third-party claim.  See Fed. R. Civ. P. 22(a)(2) (allowing a defendant to seek interpleader through a crossclaim or counterclaim).

**II. Abstention**

Although the court finds that it has jurisdiction, it has also considered whether it should nevertheless abstain from hearing the matter to avoid conflicting judgments with the ongoing state court proceedings.  See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) (holding that abstention may be appropriate where state proceedings involve the same property).  But the federal judiciary has "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."  Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404 (1821).  And "[o]nly the clearest of justifications will warrant dismissal." Colo. River, 424 U.S. at 819; see also Life Ins. Co. of N. Am., 2016 WL 1494711, at *4 ("Application of the [Colorado River abstention] doctrine arises only in exceptional circumstances.").

Here, the state court actions concern the validity of Mr. Partridge's new will and the validity of the 2020 Trust.  Neither case will decide the proper recipient of the proceeds of the life insurance policy—property which Prospective will now deposit in the federal court's registry and which is not the subject of the state court litigation.  In addition, the parties involved are distinct: the state court cases were filed by Mr. Partridge's children, whereas the potential beneficiary of the life insurance policy, as either an individual or as a trustee, is Mr. Partridge's wife, Kimm.  Finally, the findings this court may be required to make regarding Mr. Partridge's capacity concern time periods when there was a change of beneficiary to the policy, not when Mr. Partridge drew up his new will.  While any state court findings about Mr. Partridge's mental state may overlap with these time periods, this court must still address the specific instances when there were changes to the life insurance policy.  And although the validity of a potential

beneficiary, the 2020 Trust, is at issue in one of the state court proceedings (Case

No. 223901052), this court does not see a reason to issue a stay in the instant matter pending the

outcome of those proceedings.  The state court case was filed in April 2022 and will likely

proceed to final judgment first.  To the extent possible, this court will defer to any future state

court rulings about the validity of the 2020 Trust.[6]

Therefore, the court will not abstain from exercising its jurisdiction or stay the litigation

of the claims between the remaining claimants.

## III.  Motion for Partial Summary Judgment

Ms. Clausen has moved for partial summary judgment, asking the court to find that the

2008 Trust is not a potential beneficiary of Mr. Partridge's life insurance policy (ECF No. 12).

Ms. Clausen's motion is premature.  In an interpleader action, a stakeholder interpleads all

potential claimants to a disputed fund to avoid multiple liability.  Under the facts as stated in the

underlying state court litigation (see ECF No. 12-3), changes to Mr. Partridge's mental state

began in the middle of 2020.  But it was not until December 21, 2020, that Protective received a

---

[6] Under 28 U.S.C. § 2361, the court has the authority to enjoin other judicial proceedings in statutory interpleader actions.  Although this authority does not extend to rule interpleader actions, courts have nevertheless exercised discretion to stay state-court proceedings in some Rule 22 actions under an exception to the Anti-Injunction Act, 28 U.S.C. § 2283.  See, e.g., Gen. Ry. Signal Co. v. Corcoran, 921 F.2d 700 (7th Cir. 1991); see also United States v. Major Oil Corp., 583 F.2d 1152, 1158 (10th Cir. 1978) (involving a statutory interpleader suit but referencing Rule 22 when noting that the "proper accommodation between the policy against enjoining state proceedings and the objectives of [Rule 22] interpleader is to recognize the federal court's power to issue an order whenever it is found that pending or threatened state court … proceedings will destroy the effectiveness of the interpleader suit or the enforceability of its judgment").  Given the extent of the litigation that has already occurred in the state court proceedings, and for the reasons stated concerning abstention, the court declines to enjoin either of the state court proceedings.

beneficiary form changing the designation of Mr. Partridge's primary beneficiary from Kimm Partridge as trustee of the 2008 Trust to Kimm Partridge as an individual.  Because Mr. Partridge's mental state was in question before the date of this first change in beneficiary, the court finds that the original beneficiary, the 2008 Trust, remains a potential claimant to the proceeds of the policy.

The court therefore denies Ms. Clausen's motion for partial summary judgment.

## ORDER

For the reasons stated above, the court makes the following ORDER:

1.      Protective's Motion for Interpleader Deposit (ECF No. 26) is GRANTED.

2.      Protective's admitted liability under Policy No. E00321485 is $500,000, plus applicable accrued interest.

3.      Protective is granted leave to deposit $500,000, plus applicable accrued interest, with the Clerk of the Court.

4.      The Clerk of the Court shall accept this check and shall receive such funds into the Registry of the Court for ultimate disposition by order of this court in the above-captioned action.

5.      After Protective has deposited the funds described in this Order, it shall be and is hereby dismissed from this action with prejudice and discharged of any further liability with respect to, affecting, or in any way arising out of Protective Policy No. E00321485, this lawsuit, or the deposited funds.

6.      Ms. Clausen's Motion for Partial Summary Judgment (ECF No. 12) is DENIED.

SO ORDERED this 22nd day of June,

BY THE COURT:

Tena Campbell
United States District Judge